**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JESUS JOEL VALLE-IRIZARRY,<br><br>Defendant | Crim. Action No. 14-00103 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant Jesus Joel Valle-Irizarry ("Defendant")'s request for pretrial release. The Court has considered the arguments made on the record on May 15, 2014 in support of and in opposition to Defendant's application. For the reasons set forth below, Defendant's request for pretrial release is **DENIED**.

I.   RELEVANT BACKGROUND

On August 8, 2013, the Government filed a criminal complaint against Defendant. (CM/ECF No. 1). The criminal complaint alleged that Defendant did knowingly and intentionally distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*Id.*). On August 8, 2013, Defendant was arrested and had his initial appearance before Magistrate Judge Cathy L. Waldor. At that time, Defendant was ordered to detention with an opportunity to make a bail application at a later time. (CM/ECF No. 2). Magistrate Judge Waldor ordered that the United States Marshal Service take custody of Defendant and commit him to a place of confinement. (CM/ECF No. 6).

On March 4, 2014, a federal grand jury returned a one-count indictment charging Defendant with knowing and intentionally distributing and possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. (CM/ECF No. 13). On March 5, 2014, Magistrate Judge Waldor denied Defendant's application for bail and Defendant was again remanded to custody. (CM/ECF No. 12).

On March 17, 2014, Defendant was arraigned before this Court and entered a plea of not guilty. (CM/ECF No. 14). On April 15, 2014, Defendant filed a pretrial motion to suppress evidence against him. (CM/ECF No. 16). On May 15, 2014, the Court held oral argument on the issue of whether to grant Defendant an evidentiary hearing in connection with his pretrial motion to suppress. (CM/ECF No. 20).

During this time, Defendant's counsel made an oral application for bail on his behalf. (Tr. 18:21). Pretrial Services was also present during the hearing. (*See generally,* Tr.). The pretrial release package suggested by Defense counsel and Pretrial Services asks that Defendant be released to live with his mother who resides in North Carolina. (Tr. 19:16-18). The bail package includes home confinement through electronic monitoring. (*Id.* at 20:1-2). Pretrial Services additionally provided that Defendant's mother is willing and able to post property and to be the co-signor of such property in support of Defendant's bail application. (*Id.* at 23:1-4). However, Defendant has a history of probation violations in 2002 and 2005, two violations of restraining orders and an outstanding warrant for violation of probation in 2007 from North Carolina. (*Id.* at 22:3-6). Pretrial Services stated that the North Carolina authorities will not extradite Defendant from New Jersey and if he were released he would have the opportunity to go back to North Carolina and resolve the outstanding warrants. (*Id.* at 24:5-10).

Defendant is a self-employed barber, which requires him to travel up and down the East Coast. (*Id.* at 21:13-19). Additionally, he has not had a permanent home since 2006. (*Id.* at 21:19). Instead, Defendant rents hotel rooms and apartments on a weekly basis. (*Id.* at 21:19-20). Defendant's mother initially conveyed to Pretrial Services in August of 2013 that Defendant has a history of mental health issues. (*Id.* at 20:19-23). In particular, this history includes diagnoses of bipolar disorder and schizophrenia as well as a history of hospitalizations and suicide attempts. (*Id.*). However, upon speaking to Pretrial Services again in March of 2014, Defendant's mother subsequently denied any mental health issues on the part of Defendant. (*Id.* at 20:23-21:1). Defendant himself has reported daily marijuana use and monthly cocaine binges. (*Id.* at 22:1-2).

## II.     LEGAL STANDARD

When, as in this case, "an offense for which a maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)," there exists a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community" the Court must consider the following factors: "(1) the nature and circumstance of the offense charged, including whether the offense ... involves ... a controlled substance; ... (2) the weight of the evidence against the person; (3) the history and characteristics

of the person ... and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

### III. DISCUSSION

At the outset, it bears mentioning that by virtue of returning an indictment charging Defendant with violations of the Controlled Substances Act, there is probable cause to believe that Defendant committed the charged offenses. *See United States v. Suppa,* 799 F.2d 115, 119 (3d Cir. 1986) (holding that an "indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). If convicted, Defendant faces a substantial prison sentence. A conviction for knowing and intentionally distributing and possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) carries with it a maximum prison term of forty (40) years. *See* 18 U.S.C. § 841(b)(1)(B). Thus, in light of the offense charged in the indictment and the potential penalties Defendant faces if convicted, there is a rebuttable presumption against pretrial release. *See* 18 U.S.C. § 3142(e)(3)(A).

While Defendant's counsel made out a detailed case for Defendant's pretrial release during the hearing on May 15, 2014, the Court finds that Defendant's counsel failed to specifically rebut the presumption against pretrial release that this Court must apply. Applying the four factors enumerated in 18 U.S.C. § 3142(g) compels this Court to deny Defendant's application for pretrial release for the following reasons.

As to the first factor, the Defendant is charged with knowing and intentionally distributing and possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, which is a controlled substance. As the

Government pointed out, this is a serious charge with a maximum sentence of up to forty (40) years. (Tr. 21:5-11); *see also* 18 U.S.C. § 3142(g)(1). As to the second factor, the evidence against Defendant is substantial because it is undisputed by the parties that Defendant admitted to ownership of the blue camera bag which contained the cocaine. (Tr. 13:3-5); *see also* 18 U.S.C. § 3142(g)(2).

Third, with respect to his history and characteristics, Defendant has a criminal record which is comprised of a number of misdemeanor convictions, the most recent of which was in 2005 in North Carolina. (Tr. 19:11-14). Defendant also has a history of mental health disorders and suicide attempts. (*Id.* at 20:21-23). Defendant has reported daily marijuana use and monthly cocaine binges and he has a history of violating his probation. (*Id.* at 22:1-6). It also bears mentioning that Defendant has limited financial ties to the community for the following reasons: (1) he is a self-employed barber who travels up and down the East Coast and (2) he has not maintained a residence since 2006, but rather rents apartments and hotels on a weekly basis. (*Id.* at 21:12-20); *see also* 18 U.S.C. § 3142(g)(3).

Finally, Defendant's history demonstrates that he has violated the terms of his probation in the past. (*See* Tr. 22:3-6). Notably, there is currently an outstanding warrant in North Carolina against Defendant resulting from a violation of his probation in 2007. (*Id.* at 22:5). In light of these violations, the Court finds that Defendant poses both a danger to the community and a substantial risk of flight. *See* 18 U.S.C. § 3142 (g)(4).

The Court is mindful of the fact that Defendant's mother is able and willing to post and co-sign property in support of Defendant's bail application. However, Defendant's mother's support for his application for pretrial release is insufficient to rebut the statutory presumption against such release.

## IV. CONCLUSION

For the foregoing reasons, Defendant's request for pretrial release is **denied**. An appropriate order accompanies this Opinion.

Date: July 22, 2014

                                  Jose L. Linares
                                  United States District Judge